**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **MARK ALLEN, #116272,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:16-cv-0011** |
| | ) | |
| **SHERIFF KYLE HELTON,** | ) | **Chief Judge Sharp** |
| **[UNNAMED] NURSE, and** | ) | |
| **ADMINISTRATOR TERESA MATTOX,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Mark Allen, an inmate confined at the Giles County Jail in Pulaski, Tennessee, has filed a civil rights complaint under 42 U.S.C. § 1983 against defendants Giles County Sheriff Kyle Helton, Giles County Jail Administrator Teresa Mattox, and an unnamed Nurse at the Giles County Jail. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

### I.      Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.        Factual Allegations

The plaintiff alleges that when he was booked into the Giles County Jail on October 19, 2015, he informed the intake staff of his medical conditions. The booking officer entered the information into the computer and said he would convey it to the nurse. A few days later, on October 23, the plaintiff saw the nurse and informed her of his medical conditions, who his doctor was, and what medications he was taking. The nurse told him that she would "get all [his] meds." (ECF No. 1, at 5.) Since then, he has continued to put in requests and inquiries at the kiosk in his housing unit but  has received nothing but "lame excuses." (*Id.*) The plaintiff states that he has been without his medications for "mental issues" and cholesterol for four months and that he is "feeling the effects" of being without his medications. He states that he logged requests for his medications in the kiosk on eight different dates between November 22, 2015 and January 24, 2016, to no avail. (*Id.* at 6.)

The plaintiff also alleges that, since he being at the Giles County Jail, he has not been in any trouble. He got a job as a car washer on December 27, 2015 and was doing his job. On February 4, 2016, he was removed from his carwash job and "put on as rockman." (ECF No. 1, at 5.) The plaintiff alleges that he is black, and that the carwash job was given to a white inmate. The plaintiff also alleges that two white inmates have been given early release dates but that he is not receiving proper credit for working and has not been given an early release date because of his race.

The plaintiff seeks relief in the form of monetary damages, being granted early release, and the termination of Jail Administrator Teresa Mattox's employment.

## III.        Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the

Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff brings claims based on the alleged deprivation of medication and the alleged deprivation of a desirable job and demotion to a less desirable job based on race discrimination. Regarding the first claim, the Eighth Amendment, by its terms, prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its application by the courts, the Eighth Amendment has been specifically construed to prohibit the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion). While the Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), it does require humane ones, and it is clear that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The amendment imposes affirmative duties on prison officials to "assume some responsibility for [each prisoner's] safety and general well-being," and to "provide for his basic human needs," including medical care. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989). "Contemporary standards of decency require no less." *Helling*, 509 U.S. at 32 (citing *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976)).

In *Estelle*, the Supreme Court concluded that, although accidental or inadvertent failure to provide adequate medical care to a prisoner would not violate the Eighth Amendment, "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment, because it constitutes the "unnecessary and wanton infliction of pain" contrary to contemporary standards of decency. *Id.* at 104. Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation, but the Supreme Court has clarified that the question of whether a prisoner's claim based on prison officials' failure to provide adequate medical care involves both a subjective and an objective component: The objective prong asks whether the harm inflicted by the

conduct is sufficiently "serious" to warrant Eighth Amendment protection. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). The Sixth Circuit has defined a "serious medical need" as "either one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013) (quotation marks and citations omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To establish the subjective component of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir.1976).

In this case, the plaintiff alleges that he has been denied medication that was prescribed to him by a doctor and which is, therefore, presumptively necessary for the treatment of a serious medical need. *See Villegas*, 709 F.3d at 570 (reiterating definition of "serious medical need" as "one that has been diagnosed by a physician as mandating treatment" (citations omitted)). He alleges that the defendant nurse was made aware of his need for the medication and has ignored his requests for a period of over four months. The Court therefore finds that the plaintiff has alleged facts that, if proven to be true, could support a claim of a constitutional violation. Moreover, the nurse working at the jail is a person acting under color of state law for purposes of the plaintiff's claim under § 1983. *See Harrison v. Ash*, 539 F.3d 510, 521 (6th Cir. 2008) ("It is well settled that private parties that perform fundamentally public functions, or who jointly participate with a state to engage in concerted activity, are regarded as acting 'under the color of state law' for purposes of § 1983." (citation omitted)). The plaintiff's deliberate-indifference claim against the unnamed jail nurse will be permitted to proceed.

Regarding the plaintiff's race-discrimination claim, the Court construes the complaint as alleging that the plaintiff was performing his job without incident and had not been in any trouble since being detained at the Giles County Jail, but he was removed from a desirable job (carwash) and placed in a less desirable job ("rockman"). He alleges that he was replaced at the more desirable job by a white

inmate. He also alleges that similarly situated white inmates have been granted early release and that he has not been granted early release because of his race.

Although the plaintiff's allegations appear to be largely speculative, the Court finds that the plaintiff states a colorable claim of race discrimination against the Jail Administrator Teresa Mattox, and the Court will, at this juncture, permit that claim to proceed.

The complaint does not allege the personal involvement or even knowledge of the events giving rise to the plaintiff's claims on the part of Sheriff Kyle Helton. The claims against the sheriff appear to be premised solely on the fact that he is in a supervisory role at the jail. Claims under § 1983 must be based upon personal involvement in the events giving rise to a plaintiff's claims. The Court therefore finds that that the complaint does not state a colorable claim against defendant Helton. *Accord Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it must be based on active unconstitutional behavior." (citation and internal quotation marks omitted)); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995) (holding that supervisory liability cannot be imposed in a § 1983 action based on the theory of *respondeat superior* without proof of personal involvement).

The Court further notes that it construes the plaintiff's request that he be granted "early release" as a request that he be considered eligible for early release and not a demand based on entitlement to immediate release from custody. Insofar as the plaintiff intended to assert a claim for immediate release from custody, such a claim would have to be brought as a habeas corpus action, and only after exhausting all possible avenues of relief in the state-court system. *See Simpson v. Caruso*, 355 F. App'x 927, 929 (6th Cir. 2009) ("A challenge to the duration of incarceration falls within the scope of a habeas corpus petition. . . ." (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004))).

**IV. Conclusion**

For the reasons set forth herein, the Court will permit the plaintiff's deliberate-indifference claim to proceed against the unnamed jail nurse and will permit the plaintiff's race-discrimination claim to proceed against Jail Administrator Teresa Mattox. The claims against Sheriff Helton, however, must be dismissed.

Specifically regarding the unnamed nurse, the plaintiff is advised that an inmate who brings a civil-rights complaint must specifically identify each defendant against whom relief is sought and must

give each defendant notice of the claims against him or her. In addition, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must in most cases be made upon a defendant within 120 days after the filing of a complaint, which means that the plaintiff generally has that amount of time to identify any unnamed defendant. The plaintiff is forewarned that process cannot be served upon a partially identified defendant. The plaintiff is put on notice of his obligation to conduct a reasonable investigation or, if necessary, to conduct discovery to promptly determine the full name of the jail nurse against whom he brings his claims, to effect timely service of process upon her as required by Fed. R. Civ. P. 4(m), and to file a timely motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint to correctly identify this defendant by her full name.

An appropriate order is filed herewith.

KEVIN H. SHARP
Chief Judge
United States District Court